## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

OPTIV SECURITY INC.,                     )
                          Plaintiff,     )
                                         )
v.                                       )
                                         )  Case No.:  1:24-cv-03298
EZRA MASTERS, et al.                     )
                          Defendants.    )
                                         )
                                         )

## MOTION TO STRIKE DEFENDANT EZRA MASTERS' RESPONSE TO COMPLAINT AND COUNTERCLAIM FOR ATTORNEY FEES (ECF NOS. 14, 15, 16)

Plaintiff Optiv Security Inc., ("Optiv") files this Motion to Strike Defendant Ezra Masters' Response to Complaint and Counterclaim for Attorney Fees and Abuse of Process (the "Motion") and its related filings at ECF No. 14, 15, and 16 (the "Answers") pursuant to Federal Rule of Civil Procedure 55. In support of its Motion, Optiv states the following:

### SATISFACTION OF LOCAL RULE 7.1

On March 21, 2025, Counsel for Optiv emailed Mr. Masters informing Mr. Masters of Optiv's intent to file this present Motion on the basis that Mr. Masters' Answers were untimely and not proper. Optiv sought to confer with Mr. Masters whether he would withdraw his Answers and instead properly seek to set aside the Clerk's Entry of Default (ECF No. 9). Mr. Masters responded on March 21, 2025, and informed Counsel for Optiv that he does not believe it is appropriate that his Answers should be struck, but that he will file a Motion to Set Aside Default no later than 12:00 pm central standard time on Monday, March 24, 2025.

### MR. MASTERS' ANSWERS SHOULD BE STRICKEN

Mr. Masters' various Answers and amendments thereto should be stricken as untimely. Mr. Masters filed the Answers almost four months after Optiv filed its Complaint (ECF No. 1) and three months after his Answer was due. Indeed, Mr. Masters' Answer was filed on the last day in

which to respond to Optiv's Motion for Default Judgment (ECF No. 11) after the Clerk's Entry of Default (ECF No. 9) had been entered on January 23, 2025.

Given that the Clerk has made an Entry of Default, Mr. Masters' Answers are premature and untimely as this Court has yet to set aside the Entry of Default. According to Mr. Masters, he plans to file a motion requesting such relief no later than March 24, 2025. Absent from Mr. Masters' Answers is any justification for why Mr. Masters has waited so long to participate in this litigation. Furthermore, Mr. Masters makes no showing, let alone any reference to, good cause for why the Clerk's Entry of Default should be set aside. Indeed, Mr. Masters fails to address in its entirety Optiv's Motion for Default Judgment, despite Mr. Masters filing his Answers on the last day for him to respond to Optiv's Motion. Until this Court rules on whether Default should be set aside, Mr. Masters' Answers should be struck.

Additionally, Mr. Masters' Answers should be struck as Mr. Masters submitted to this Court three separate filings that contain inconsistent counter claims and numeration of alleged damages. It is unclear to Optiv what Mr. Masters, and this Court, considers to be the operative pleading that would require Optiv's response should this Court set aside the Default, which Optiv denies is appropriate in this matter. For example, Mr. Masters' most recent filing only contains a single counterclaim for "Attorney Fees and Abuse of Process." (ECF No. 16). However, Mr. Masters prior filing contains a handful of counterclaims. (ECF No. 15). Mr. Masters would not be prejudiced by the Court granting this Motion. Indeed, it would clarify the procedural nature of this case and should this Court set aside Default, which Optiv denies is appropriate, give Mr. Masters the opportunity to file a single operative answer and any alleged counter claims.

2

## **CONCLUSION**

While Optiv is understanding that Mr. Masters is individually proceeding *pro se*, he may not ignore the Federal Rules of Civil Procedure, nor may he sit out litigation until he deems that he is ready to participate. Accordingly, Mr. Masters' Answers should be stricken in their entirety and Optiv's Motion for Default Judgment against all Defendants should be granted.[1]

Respectfully submitted,

POLSINELLI PC

By:    */s/ Robert J. Hingula*
ROBERT J. HINGULA (Admitted D. Colo.
September 7, 2018; MO # 56353)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
rhingula@polsinelli.com

ATTORNEYS FOR PLAINTIFF

---

[1] Optiv notes that neither of the corporate defendants have filed answers to Optiv's complaint nor had appearances entered on their behalf. At minimum the Court should grant Optiv's Motion for Default Judgment as it pertains to Sensationo Inc. and Sensationo, LLC.

102565940.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served (_X_) electronically via the Court's notification system; (____) by United States Mail, postage prepaid; and/or (____) by E-mail this 21st day of March, 2025, to:

Ezra Masters
2956 Woodcroft Circle
Carrollton, TX 75006
mastersoftheux@gmail.com
*PRO SE* PLAINTIFF

and by email and U.S. Mail, postage prepaid, to the following:

SENSATIONO INC.
c/o Republic Registered Agent LLC
17350 State Highway 249 Suite 220
Houston, Texas 77064
mastersoftheux@gmail.com

SENSATIONO, LLC
c/o Registered Agents Inc.
45 E Loucks Street # 301
Sheridan, Wyoming 82801
mastersoftheux@gmail.com

*/s/ Robert J. Hingula*

102565940.1