IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CIVIL ACTION NO. 24-CV-03298-TPO

**OPTIV SECURITY INC.,**
Plaintiff,

v.

**EZRA MASTERS**, individually, and
**SENSATIONO, LLC. AND SENSATIONO, INC.,**
Defendants.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

**COMES NOW**, Defendant Ezra Masters ("Defendant"), pro se, and respectfully submits this Response in Opposition to Plaintiff Optiv Security Inc.'s ("Plaintiff" or "Optiv") Motion to Strike (ECF No. 21), and states as follows:

# I. INTRODUCTION

1. Plaintiff filed a Motion to Strike Defendant's Response to Complaint and Counterclaim for Attorney Fees (ECF Nos. 14, 15, 16), arguing that Defendant's filings were untimely and procedurally improper due to a prior Clerk's Entry of Default.
2. Defendant respectfully opposes this Motion on the grounds that he is proceeding **pro se**, has now filed a **Motion to Set Aside Default**, and has acted in **good faith** to correct any procedural missteps.
3. Plaintiff has **acknowledged** that Defendant informed them of his intent to file a Motion to Set Aside Default by March 24, 2025. That Motion has now been filed.
4. Plaintiff's Motion to Strike is therefore **premature**, as the Court has not yet ruled on the Motion to Set Aside Default.

# II. LEGAL STANDARD AND ARGUMENT

5. Under **Federal Rule of Civil Procedure 55(c)**, a court may set aside an entry of default for "good cause." Once set aside, a defendant should be permitted to respond to the complaint.

6. Plaintiff argues that Defendant's Answer and Counterclaim should be stricken for being premature. However, this argument ignores the context and purpose of Defendant's filings:
   - o  Defendant was unaware that filing an Answer after a Clerk's Entry of Default required a prior motion.
   - o  Upon learning this, Defendant promptly moved to set aside the default in compliance with court rules.
7. Defendant's filings were submitted in good faith **within the time allowed** to respond to Plaintiff's Motion for Default Judgment (ECF No. 11). They should therefore be **preserved** pending the outcome of the Motion to Set Aside.
8. Furthermore, Plaintiff's claim that the three filings are inconsistent is not a valid basis for striking. Defendant is a **self-represented individual** navigating complex federal procedures, and any inconsistencies can be corrected by amendment **should the Court grant leave to file a consolidated response.**
9. Plaintiff would **not be prejudiced** by the Court allowing Defendant's responsive pleadings to remain temporarily on record until the Motion to Set Aside Default is ruled upon.

## III. REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

1. **Deny Plaintiff's Motion to Strike** (ECF No. 21);
2. Allow Defendant's Answer and Counterclaim (ECF Nos. 14, 15, 16) to remain on record **pending the Court's ruling on Defendant's Motion to Set Aside Default**;
3. In the event the Motion to Set Aside Default is granted, permit Defendant to **file a consolidated operative pleading** in accordance with the Federal Rules of Civil Procedure;
4. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

Ezra Masters
Pro Se Defendant
2956 Woodcroft Cir.
Carrollton, TX 75006
MastersOfTheUX@gmail.com
945-446-7765

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Response in Opposition to Plaintiff's Motion to Strike** has been filed via the Court's **CM/ECF electronic filing system**, which serves all parties and counsel of record.

DATED this _21st_ day of March, 2025.

Ezra Masters, Pro Se